ANDERSON LAW PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 272-5983
adam@acandersonlaw.com

Adam C. Anderson/024314
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| KATHY GANTT, | |
| Plaintiff, | COMPLAINT & TRIAL |
| v. | BY JURY DEMAND |
| J. A. CAMBECE LAW OFFICE, P.C., | |
| Defendant. | |

NOW COMES the Plaintiff, KATHY GANTT, by and through her attorneys, ANDERSON LAW PLLC, and for her complaint against the Defendant, J. A. CAMBECE LAW OFFICE, P.C., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

COMPLAINT- 1

### III. **PARTIES**

4. KATHY GANTT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Phoenix, County of Maricopa, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to MBNA America, N.A. (hereinafter "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Cach, LLC purchased, acquired and/or otherwise obtained the Debt.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. J. A. CAMBECE LAW OFFICE, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arizona. Defendant is registered as a Professional Corporation in the State of Massachusetts.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about May 3, 2012, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

16. The telephone call was Defendant's initial communication with Plaintiff relative to the Debt.

17. During the course of the aforesaid telephone conversation, Defendant provided Plaintiff with a settlement offer relative to the Debt.

18. Plaintiff informed Defendant that she could not speak to Defendant at that time regarding the Debt as she was about to undergo surgery.

19. Plaintiff told Defendant that she had thirty (30) minutes until she had to check-in for the surgery that she was to undergo.

20. Defendant responded to Plaintiff's statements, as delineated above, by telling Plaintiff it did not care about her "personal tragedies."

21. Defendant then proceeded to attempt to collect the Debt from Plaintiff during the aforesaid telephone call.

22. Defendant told Plaintiff "I know you have two American Express credit cards without balances. You need to use those credit cards to pay the [Debt]."

23. Defendant then told Plaintiff that if she did not pay the Debt then Defendant would file a lawsuit against her.

24. Plaintiff, again, told Defendant that she could not speak to Defendant at that time.

25. Plaintiff then told Defendant that she had to "get off the telephone so that she could check-in for her surgery."

26. Defendant, again, continued to attempt to collect the Debt from Plaintiff.

27. Defendant informed Plaintiff that it would provide her a settlement in the amount of $10,000.00 relative to the Debt.

28. Plaintiff told Defendant that she did not have $10,000.00 at that time but she would see if she could borrow funds from someone to pay the Debt.

29. Plaintiff then told Defendant that she could likely provide Defendant $2,500.00 to settle the Debt.

30. Defendant then told Plaintiff "you are crazy."

31. Defendant further told Plaintiff that it would not accept such a low settlement from Plaintiff.

32. Defendant told Plaintiff that by offering such a low settlement she would be "ripping off the bank."

33. Defendant then accused Plaintiff of "being one of those people who does not pay bills."

34. Plaintiff then told Defendant that she had worked with other debt collectors that were able to settle debts she allegedly owed for between 15% and 20% of the amount she allegedly owed.

35. Defendant then told Plaintiff "you have not done that."

36. Plaintiff asked Defendant if it was calling Plaintiff a liar.

37. Defendant responded to Plaintiff's inquiry by stating "you did not settle for such a low amount. If you did then you took advantage of those companies and you cheated them out of their money."

38. Plaintiff then told Defendant that she was not able to pay the $10,000.00 settlement it was offering at that time.

39. Plaintiff further told Defendant that she may have no choice but to file for bankruptcy.

40. Defendant responded by telling Plaintiff "you and everyone else say they are going to file for bankruptcy."

41. Later, during the aforesaid telephone conversation between Plaintiff and Defendant, Defendant told Plaintiff that it was no longer offering her a settlement in the amount of $10,000.00.

42. Defendant told Plaintiff that she would have no choice but to pay the full balance of the Debt.

43. Defendant's conduct in earlier offering Plaintiff a settlement in the amount of $10,000.00 only for Defendant, during the same telephone conversation with Plaintiff, to refuse to allow Plaintiff to accept the settlement was unfair and/or unconscionable.

44. Defendant's representation in informing Plaintiff it would accept a settlement in the amount of $10,000.00 was false, deceptive and/or misleading given that during the same telephone conversation in which Defendant had made the aforesaid offer, Defendant told Plaintiff that it would no longer accept an offer in the amount of $10,000.00.

45. During the course of the telephone conversation between Plaintiff and Defendant, Defendant then told Plaintiff that it would mark her account as a "refusal to pay."

46. Defendant then told Plaintiff it would refer Plaintiff's account to one of its lawyers and advise them to proceed with filing a lawsuit against Plaintiff.

47. At no time during the course of the aforesaid telephone conversation did Plaintiff advise Defendant that she refused to pay the Debt.

48. Defendant's representation to Plaintiff that it would mark her account as a "refusal to pay" had the effect of conveying to an unsophisticated consumer that Defendant would take additional collection actions against Plaintiff, such as filing a lawsuit against Plaintiff.

49. Defendant's statements to Plaintiff, as delineated above, were neither statements made in an effort to seek payment from Plaintiff nor statements made to further the collection efforts of Defendant.

50. The natural consequence of Defendant's statements, as delineated above, was to unjustly condemn and vilify Plaintiff for her non-payment of the Debt.

51. The natural consequence of Defendant's statements was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

52. The natural consequence of Defendant's statements was to cause Plaintiff mental distress.

53. Defendant's representations to Plaintiff that she had "ripped off the bank" had the effect of conveying to an unsophisticated consumer that Plaintiff had engaged in fraud and/or criminal conduct with respect to the Debt.

54. Plaintiff has neither engaged in fraud nor criminal conduct with respect to the Debt.

55. Defendant's representation that Plaintiff had engaged in fraud and/or criminal conduct was false, deceptive and/or misleading given that Plaintiff had not engaged in the aforesaid conduct relative to the Debt.

56. Defendant's representation to Plaintiff that she had engaged in criminal conduct was a representation made by Defendant to Plaintiff in an attempt to disgrace Plaintiff.

57. Defendant's conduct in continuing to attempt to collect the Debt from Plaintiff despite Plaintiff having informed Defendant that she could not speak at the present time as she was about to undergo surgery was unfair and/or unconscionable.

58. Defendant's conduct in continuing to attempt to collect the Debt from Plaintiff despite Plaintiff having informed Defendant that she could not speak at the present time as she was about to undergo surgery was abusive and/or harassing.

59. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

60. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

61. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

62. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

63. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff became upset, frustrated and humiliated as a result of Defendant's conduct, as delineated above.

64. Plaintiff started to cry as a result of Defendant's representations made to Plaintiff, as delineated above.

65. Subsequent to Plaintiff and Defendant ending the aforesaid telephone conversation, Plaintiff left her home to go to the hospital to check-in for her surgery.

66. At the time Plaintiff arrived to the hospital, Plaintiff was still crying and upset as a result of Defendant's conduct.

67. Defendant's conduct during the aforesaid telephone call caused Plaintiff to experience considerable emotional distress.

68. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed, or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

69. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

    e. Falsely represented or implied that a consumer committed a crime or other conduct in order to disgrace the consumer in violation of 15 U.S.C. §1692e(7);

    f. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    h. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the aforementioned Letter; and,

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

70. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

71. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KATHY GANTT, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

|    |                                      |                                  |
|----|--------------------------------------|----------------------------------|
| 1  |                                      | Respectfully Submitted,          |
| 2  |                                      | **By:**   s/ Adam C. Anderson    |
| 3  |                                      | **Adam C. Anderson**             |
| 4  |                                      | **Attorney for Plaintiff,**      |
| 5  |                                      | **KATHY GANTT**                  |
| 6  | Dated: July 13, 2012                 |                                  |

Adam C. Anderson
**ANDERSON LAW PLLC**
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 272-5983
adam@acandersonlaw.com

COMPLAINT- 9